# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of: )<br><br>Information associated with the cellular telephone )<br>assigned call number **(414) 366-0991**, ("the Account"), )<br>that are stored at premises controlled by Sprint ("the )<br>Provider"), headquartered at 6100 Sprint Pkwy, Overland )<br>Park, Kansas 66211. ) | Case No. 19-MJ-1370 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B

The basis for the search under Fed. R. Crim P. 41(c) is:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 18, United States Code, Sections 922(a)(6) and 922(g)(1).

The application is based on these facts: See attached affidavit.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

ATF Special Agent Frank Rutter
*Printed Name and Title*

Sworn to before me and signed in my presence:

Date: 12/11/19

_____
*Judge's signature*

City and State: Milwaukee, Wisconsin     Hon. William E. Duffin, U.S. Magistrate Judge
*Printed Name and Title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Frank Rutter, being first duly sworn on oath, on information and belief state:

## I. INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number **(414)366-0991** ("the SUBJECT PHONE") that is stored at premises controlled by Sprint, a wireless telephone service provider headquartered at 6100 Sprint Pkwy, Overland Park, KS 66211. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Sprint to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been since 2015. As an ATF Agent, I have conducted firearms trafficking investigations involving violations of 18 U.S.C. § 922(a)(6), commonly referred to as "lying and buying" as well as investigations related to the unlawful use and possession of firearms by previously convicted felons in violation of 18 U.S.C. § 922(g)(1). Additionally I have conducted and participated in investigations involving violations of 18 U.S.C. § 924(c) (Use of a firearm in furtherance of crime of violence or drug trafficking crime). I have had a variety of formal, informal, and on the job training in the investigation of illegal firearms possession and trafficking. I have participated in the execution of search warrants in which firearms were seized; and I am familiar with the street name(s) of firearms and firearm related topics.

3. Based on the facts set forth in this affidavit, there is probable cause that Adrien L. Kelley (1990) and Davonte R. Underwood (1989) conspired to and committed violations of Title 18, United States Code, Sections 922(a)(6) (lying and buying) and Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm) between September 1, 2019 to the present. More specifically, Underwood conspired with Kelley to obtain a firearm while he was a prohibited person; Underwood obtained the firearm from Kelley; and Underwood possessed the firearm although he was a convicted felon. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

4. This affidavit is based upon my training and experience, my personal knowledge and information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon police reports, law enforcement surveillance, physical evidence recovered, and witnesses' statements that I consider to be reliable as set forth herein.

5. Because this affidavit is submitted for the limited purpose of a obtaining a search warrant, I have not included each and every fact known to me concerning this investigation.

## II. PROBABLE CAUSE

**Recovery of Glock model 19 pistol bearing serial number BLHG434**

6. On October 4, 2019, MPD observed a 2019 Blue Jeep Compass (IL tag FP97376) with excessive window tint obstructing a driveway near the 5700 block of W. Silver Spring Drive in Milwaukee. Officers attempted to conduct a traffic stop and the vehicle fled. Officers pursued the vehicle until it crashed into a tree near 4988 N. 60th Street. Two (2) subjects fled who were subsequently arrested and identified as Underwood (driver) and Layne (passenger). A search of the vehicle resulted in the recovery of a number of evidentiary items including, but not limited to,

a Glock model 19 pistol bearing serial number BLHG434 (front driver floorboard area), suspected illegal prescription pills, suspected marijuana, cellular devices and approximately $3,462.00 in United States currency.

7. The firearm subsequently underwent forensic examination and a fingerprint for Underwood was found on the firearm's magazine. Underwood was charged with being a felon in possession of this firearm, felony fleeing and 2nd Degree Recklessly Endangering Safety. The case is still pending in Wisconsin state court (Milwaukee County Case 2019CF004479).

8. Affiant reviewed ATF eTrace information for the above referenced Glock pistol bearing serial number BLHG434. Affiant learned this firearm was purchased approximately thirteen (13) days prior on September 21, 2019 at Wisconsin Firearms Training Center (FFL: 3-39-07283) located at 12730 W. Burleigh Road in Brookfield, Wisconsin. The firearm was purchased by Adrien L. Kelley (1990). During this purchase, Kelley was required to complete various documents including ATF Form 4473 which is a firearm purchase record required by federal law to be completed when a Federal Firearm Licensee (FFL) transfers a firearm to anyone who does not possess an FFL. ATF Form 4473 documents specifically which firearm/s were sold and to whom they were transferred. Kelley answered "yes" to question 11(a) which stated:

> "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

9. Additionally, affiant is aware Kelley provided her telephone number as (414) 366-0991 (SUBJECT Phone) when completing the required firearm purchase paperwork. Affiant is

3

also aware Underwood had regular contact with the subject phone number while in police custody following his arrest on 10/4/19 related to a pending State of Wisconsin criminal case.

10. Your affiant knows, from his training and experience that individuals who cannot legally purchase firearms as a result of previous felony conviction/s will often recruit "straw purchasers" to illegally obtain firearm/s on their behalf. These "straw purchases" are often completed with the intent to conceal the true identity of the intended recipient of the firearm. These types of transactions are commonly conducted for financial gain of the "straw purchaser" or as the result of a relationship (familial/romantic/platonic) between the previously convicted felon and the original purchaser. When a firearm is recovered by law enforcement, the firearm information is generally submitted for tracing information. This tracing information can help to identify the origin of the firearm. A common indicator of firearm straw purchasing can be relative short timespans between the purchase of a firearm and its ultimate recovery by law enforcement. Under these circumstances, the short "time to crime" was an investigative lead into the firearm purchasing habits of Adrien L. Kelley. The investigation has revealed to date that Kelley has had a long term relationship with Underwood, has a child with him; and has been connected to three (3) firearms recovered from Underwood.

**Recovery of Sig Sauer 9mm pistol bearing serial number 24B094793**

11. Your affiant, as part of this investigation learned another firearm had been recovered from Underwood in 2014 which linked to Kelley. Your affiant reviewed ATF eTrace information and West Allis (WI) Police Department reports regarding the recovery of a firearm from Underwood on September 4, 2014 in West Allis (Case 14-007844).

11. On September 4, 2014, West Allis Police Department recovered a Sig Sauer 9mm pistol bearing serial number 24B094793 during a traffic stop. The possessor, Underwood, was

arrested, charged and convicted for being a felon in possession of a firearm (Milwaukee County Case 2014CF004021). Significantly, Kelley was the driver of the vehicle. During an interview with law enforcement, Kelley stated she had purchased the firearm secondhand and provided it to Underwood. Kelley explained she was unaware Underwood was a previously convicted felon and prohibited from possessing firearms. It should be noted Kelley stated she was in a relationship with Underwood and pregnant with Underwood's child.

12. Your affiant also reviewed MPD reports (Case 16-101-0095) related to an arrest of Underwood that occurred on April 10, 2016.

### Recovery of .40 caliber Smith & Wesson SD40VE pistol bearing serial number FWR8389.

13. On April 10, 2016, MPD arrested Underwood pursuant to an active arrest warrant for violation of parole related to the aforementioned 2014 felon in possession of a firearm conviction. Officers observed Underwood exit a red in color, Volkswagen sedan bearing New York license plate GYR-3001 which was parked in front of 6722 W. Lisbon Avenue in Milwaukee, Wisconsin. Underwood was arrested after a brief foot pursuit. Recovered during the search incident to arrest was a car key (red Volkswagen), a cellular device and approximately three thousand three hundred and twenty five dollars ($3,325.00) in United States currency. Recovered from the vehicle was a .40 caliber Smith & Wesson SD40VE pistol bearing serial number FWR8389. The firearm had an extended magazine with twenty two (22) rounds of unfired ammunition. Also recovered from the vehicle, among other items, were three (3) cellular phones and approximately twenty eight and fifty five hundredths (28.55) grams of a green leafy substance which subsequently tested positive for THC. During a subsequent interview with law enforcement, Underwood explained he had had been in the red Volkswagen sedan, but was unaware of any

5

firearms or marijuana inside the vehicle. Underwood explained the recovered United States currency was the sum of birthday gifts his son had received the night prior. Underwood stated he was unsure if the firearm located in the vehicle belonged to Kelley. Underwood explained Kelley had rented the red Volkswagen.

14. On the same date, MPD officers made contact with 6722 W. Lisbon Ave., Unit 1, in Milwaukee, Wisconsin. Officers did this after finding a key recovered in the aforementioned red Volkswagen sedan unlocked the door to Unit 1 rather than Underwood's listed address (Unit 2) with Wisconsin Probation and Parole. Officers were met by Kelley. A search of the residence resulted in the recovery of .40 caliber ammunition, .25 caliber ammunition, indicia documents for Underwood and a green leafy substance which later tested positive for THC. During an interview with law enforcement, Kelley stated the recovered firearm (SN: FWR8389) with the extended magazine belonged to her. Kelley stated she had purchased the firearm approximately one and a half (1.5) years prior and kept the firearm in her vehicle because she knew Underwood was a felon and could not possess firearms. Kelley explained she did not know to whom the marijuana belonged and that Underwood did not drive the vehicle.

15. It should be noted the Smith & Wesson firearm bearing serial number FWR8389 had been originally purchased two hundred and twenty (220) days prior on September 3, 2015 by Antwan Townes (1988) from Mills Fleet Farm (FFL: 3-39-15155) located at N96 W18200 County Line Road in Germantown, Wisconsin.

15. Affiant located and reviewed the publicly available portion of a Facebook account with the vanity name "Mac Hefner Underwood" (Facebook User ID 100010906875202). Affiant compared photographs from the aforementioned Facebook page (ID 100010906875202) with a

Wisconsin Department of Transportation (DOT) driver's license image for Underwood dated 1/7/19. Affiant found the images appeared consistent and represented the same individual.

16. Affiant then reviewed the publicly viewable "Friends" list on Underwood's Facebook account. Affiant discovered Underwood is friends with a Facebook account that displayed vanity name "Antwan Townes" (Facebook User ID 1091601876). Affiant compared photographs from the aforementioned Facebook page for "Antwan Townes" (User ID 1091601876) with a Wisconsin Department of Transportation (DOT) driver's license image for Townes, dated February 27, 2017. Affiant found the images appeared consistent and represented the same individual.

17. Based upon affiant's investigation, training and experience, affiant believes probable cause exists to believe that Kelley committed violations of Title 18, United States Code, Sections 922(a)(6) (lying and buying) and purchased the aforementioned Glock firearm bearing serial number BLHG434 on 9/21/19 for Underwood. Affiant is aware that those who engage is the straw purchase of firearms typically do so in order to conceal the true identity of the intended recipient of the firearm. This technique is commonly utilized by previously convicted felons who wish to obtain a firearm but cannot legally do so as a result of a previous felony conviction or convictions.

18. Further, the investigation has revealed the subject telephone number (414) 366-0991 belongs to Kelley. Affiant submits that there is probable cause to believe that the records identified in Attachment B, which correspond to telephone number **(414) 366-0991**, are likely to constitute evidence of the above described crimes and Adrien Kelley's travel in the days before and after the aforementioned firearm purchase on September 18, 2019. Additionally, records will reveal with whom Kelley had contact with before and after the aforementioned firearm purchase.

7

According to law enforcement databases, Sprint was the Provider for this telephone number during the time period at issue.

19. In my training and experience, I have learned that Sprint is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

20. Based on my training and experience, I know that Sprint can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as Sprint typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

21. Based on my training and experience, I know that wireless providers such as Sprint typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the

8

subscriber to pay for wireless telephone service. I also know that wireless providers such as Sprint typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users.

## AUTHORIZATION REQUEST

22. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

23. I further request that the Court direct Sprint to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Sprint, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to records and information associated with the cellular telephone assigned call number **(414) 366-0991**, ("the Account"), that are stored at premises controlled by Sprint ("the Provider"), headquartered at 6100 Sprint Pkwy, Overland Park, Kansas 66211.

10

# ATTACHMENT B

## Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period from September 1, 2019, through present:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

11

Case 2:19-mj-01370-WED   Filed 02/20/20   Page 12 of 13   Document 1

    viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information relating to wire and electronic (text) communications sent or received by the Account, including:

    i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

    ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received;

    iii. stored historical text message content; and

    iv. Per Call Measurement Data, if available.

**II.**  **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Sections 922(a)(6) and 922(g), during the period from September 1, 2019, through present.

12

Case 2:19-mj-01370-WED   Filed 02/20/20   Page 13 of 13   Document 1